IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| MARK ALAN BYRD, #142 221 | * | |
| Plaintiff, | * | |
| v. | * | 2:08-CV-244-MHT |
| | | (WO) |
| WARDEN K. JONES, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Mark Byrd, currently housed at the Bullock Correctional Facility located in Union Springs, Alabama, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 for damages and declaratory relief. Upon review of the allegations contained in the instant complaint, the court concludes that dismissal of some of the claims presented in the complaint prior to service of process is appropriate in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).[1]

**I. DISCUSSION**

*A. The Due Process Claim*

Plaintiff files this action claiming that Defendants conspired to violate his due process

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

and equal protection rights with regard to disciplinary proceedings initiated against him for a positive urine specimen. Following a disciplinary hearing held March 2, 2008, Plaintiff was found guilty of the disciplinary infraction and sanctioned to loss of privileges, confinement to segregation for 45 days, and six months loss of good time. He contends that the numerous due process violations occurred throughout the entire disciplinary process which deprived him of a viable liberty interest and subjected him to unjust punishment. Plaintiff further alleges that the disciplinary proceedings violated his equal protection rights. Plaintiff seeks damages as a result of the alleged constitutional violations and other relief. (*Doc. No. 1*.)

Plaintiff lost good time as a result of the finding of guilt at his disciplinary hearing held on the disciplinary infraction challenged in this matter. Plaintiff's challenge to the validity of the disciplinary proceedings in question provides no basis for relief at this time. *Heck v. Humphrey,* 512 U.S. 477 (1994); *Edwards v. Balisok,* 520 U.S. 641, 646 (1997).

In *Heck*, the Supreme Court held that claims for damages arising from challenges to the legality of a prisoner's confinement are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a sate prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come

2

within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481.

In *Balisok*, the Supreme Court applied *Heck* in the circumstances of a § 1983 action claiming damages and equitable relief for a procedural defect in a prison's administrative process where the disciplinary action taken against the plaintiff included, among other things, deprivation of 30 days good-time credit. 520 U.S. at 644-46. The Court held that a state prisoner's claim for damages is not cognizable under § 1983 if a judgment in favor of the plaintiff would necessarily be at odds with his conviction or with the State's calculation of time to be served in accordance with the underlying sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Absent such an invalidation, the § 1983 suit must be dismissed. *Id*. at 649.

Plaintiff has not shown that the disciplinary decision he challenges has been invalidated in an appropriate civil action. Consequently, the instant collateral attack on this adverse action is prohibited by *Heck* and *Balisok*. Based on the foregoing, the court concludes that Plaintiff presently has no cause of action under § 1983 with respect to a claim challenging the March 2, 2008 disciplinary proceedings. This claim, therefore, is due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

B. *The Conspiracy Claim*

Plaintiff contends that Defendants conspired to violate his constitutional rights during

3

the disciplinary process. Vague and conclusory allegations of conspiracy will not support a § 1983 claim. *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). Other than his conclusory, self serving allegations, Plaintiff presents nothing to this court which indicates that Defendants entered into a conspiracy to violate his constitutional rights. The court, therefore, concludes that Plaintiff's bare allegation of a conspiracy against the named defendants is insufficient to support a claim for relief under § 1983. *Fullman*, 739 F.2d at 556-557.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's challenge to the March 2, 2008 disciplinary proceedings be DISMISSED without prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii);

2. Plaintiff's conspiracy claim be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i); and

3. Plaintiff's claim that Defendants discriminated against him during his disciplinary proceedings because of his race be REFERRED back to the undersigned for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **April 21, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous,

conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 7th day of April 2008.

                                        /s/ Wallace Capel, Jr
                                        WALLACE CAPEL, JR.
                                        UNITED STATES MAGISTRATE JUDGE