IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARK ALAN BYRD #141221,
    Plaintiff,

V.                              Case No. 2:08-CV-244-MHT

WARDEN K. JONES, et al.,
    Defendants.

## OBJECTIONS TO MAGISTRATE'S RECOMMENDATION

Comes now the plaintiff, pro se, and hereby submits his objections to the Magistrate Judge's recommendation.
In support thereof, the plaintiff would submit unto the Court the following:

1) In the discussion of the due process claim reference is made to the fact that there is no basis for relief at this time as far as a challenge to the validity of the disciplinary proceedings.
The plaintiff contends that he is not asking this Court to determine the validity of the disciplinary proceedings but to examine each of the issues presented. Further, plaintiff does not seek any other relief from this Court at the present time except a declatory judgement, nominal, compensatory

and punitive damages.

2) The plaintiff is not challenging the legality of his confinement.

3) As to the conspiracy claim, the plaintiff contends in the conclusion of his brief in support that all defendants were aware, or should have been aware, of the violations that were occurring. None of the defendants acted to prevent the violations from occurring. Further, specific acts were described concerning defendants Ruffin and Byrts. A letter was written to defendant Jones attempting to allow him to make things right and to avoid legal action but plaintiff's efforts were obviously ignored. Defendant Giles approved the actions of all defendants by approving the disciplinary itself.
These are not vague and conclusionary allegations of conspiracy. All defendants acted jointly and severally and any one defendant could have acted within his professional and official capacity by simply doing the right thing and not allowing the violations to continue to the point of final approval.

4) As to the conclusion, the plaintiff contends that action should not be dismissed with prejudice.

2

5) The plaintiff has a habeas corpus petition in the Circuit Court of Bullock County attacking the validity of the disciplinary. It has been pending for 3 weeks and there has been no response from the Courts or anyone else.

The plaintiff submits that it is proper to attack the validity of the disciplinary in state court under habeas corpus asking only for the disciplinary to be expunged from his records and his good time to be restored while asking this Court to determine whether a 1983 civil rights violation has occurred and awarding damages to the plaintiff.

6) The plaintiff further contends that a proper review of the complaint along with the brief in support will plainly show that the issues presented are proper under 1983 action.

WHEREFORE, premises considered, the plaintiff contends that the action against the defendants should not be dismissed in any part and that defendants be ordered to answer the claims presented and, further, that the complaint would proceed.

The plaintiff contends that all issues in the

complaint are cognizable under 1983 and therefore should not be dismissed.

Done this 19th day of April, 2008.

                  *Mark A. Byrd*
                  Mark A. Byrd   142221
                    Plaintiff, pro se

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on counsel for the defendants by US Mail, postage prepaid, and properly addressed as follows: General Counsel, Dept. of Corrections, 11 South Union St., Montgomery, AL 36130; on this 19th day of April, 2008.

                  *Mark A. Byrd*
                  Mark A. Byrd   142221
                    Plaintiff, pro se

Mark Byrd 142221
P.O. Box 5107
Union Springs, AL 36089



MONTGOMERY AL 361
22 APR 2008 PM 3 L

Office of the Clerk
U.S. District Court
P.O. Box 711
Montgomery, AL 36101-0711