IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARK ALAN BYRD, #142 221 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:08-CV-244-MHT |
| | ) | |
| WARDEN K. JONES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT, ALLEN K. VALAER'S,**
**SPECIAL REPORT AND ANSWER**

**COMES NOW** the Defendant, Allen K. Valaer, in the above-styled cause, and submits his Special Report and Answer to the Court as follows:

## I. INTRODUCTION

The Plaintiff, Mark Alan Byrd, is currently confined at the Bullock County Correctional Facility, in Bullock County, Alabama. On or about April 2, 2008, Plaintiff filed a three count Complaint against numerous defendants alleging: (1) conspiracy to violate Plaintiff's due process rights and equal protection rights, (2) racial discrimination and (3) defendants failed to follow the appropriate disciplinary proceedings.

On April 7, 2008, United States Magistrate Judge, Wallace Capel, Jr., entered an order (1) dismissing without prejudice Plaintiff's claim challenging his disciplinary proceedings, (2) dismissing with prejudice Plaintiff's conspiracy claim and (3) referring back Plaintiff's claim that Defendants discriminated against Plaintiff because of his race for further proceedings. On April 8, 2008, the Honorable Wallace Capel, Jr. entered an order requiring Defendants to file a written report and answer by May 19, 2008.

In an order dated April 30, 2008, the Honorable United States District Judge, Myron H. Thompson, adopted the recommendation from the United States Magistrate Judge.

This Defendant, Allen K Valaer, hereby responds to Plaintiff's allegations as they pertain to Defendant.

## II. NARRATIVE SUMMARY OF FACTS AS THEY PERTAIN TO DEFENDANT, ALLEN K. VALAER

East Alabama Medical Center Forensic Toxicology Laboratory (hereinafter referred to as "Lab") currently tests laboratory specimens collected by the Alabama Department of Corrections to confirm or refute drug tests performed by the Alabama Department of Corrections. *Affidavit of Allen K. Valaer*, attached hereto as Exhibit "A". Allen K. Valaer ("Allen Valaer") at all times complained of in Plaintiff's complaint was an employee of Lab. *Id.* at ¶ 1 and 3. Any and all specimen results certified by Allen Valaer or tested under his direction were done through his scope of employment with East Alabama Medical Center and not by him in his individual capacity. *Id.* No claim is asserted against East Alabama Medical Center Forensic Toxicology Laboratory, however, since Allen Valaer, is an employee of Lab it will file this Special Report and Answer on his behalf. *See Plaintiff's Complaint.*

Allen Valaer maintains a Masters degree in Medicinal Chemistry and is certified as a Toxicological Chemist. *Id.* at ¶ 1. The East Alabama Medical Center Forensic Toxicology Laboratory is certified by the American College of Pathologists in forensic urine drug testing and was certified as such during the time of the testing at issue. *Id.* at ¶ 2. As an employee of the Lab, Allen Valaer certified the confirmatory drug testing on the urine of Plaintiff, which was performed at the request of Bullock Correctional Facility. *Id.* at ¶ 4.

The specimen arrived at the Lab on April 12, 2008 via DHL carrier. *Id.* at ¶ 5. The sample was properly sealed and labeled upon arrival and was accompanied by the proper Custody and Control Form. *Id.* at ¶¶ 6 and 7. The confirmatory testing was performed according to proper procedure and a positive result of the urinary metabolite of THC was certified by Allen K. Valaer on February 13, 2008. *Id.* at ¶ 8.

This defendant was not involved in the initial collection, nor any chain of custody as it relates to collection, handling or testing of the sample at Bullock Correctional Facility. This defendant merely certified confirmatory drug testing results on a sample shipped to Lab by Bullock Correctional Facility.

The only claim allowed to remain in Plaintiff's complaint is that of discrimination against him during his disciplinary proceedings because of his race. Defendant Valaer was not involved in the disciplinary proceedings against Plaintiff and, therefore, could not have participated in any alleged discrimination. *Id.* at ¶ 10. Furthermore, Plaintiff's sample, upon presentation to the Lab, was properly identified on the accompanying Custody and Control form with only a name and inmate number. No other identifying information was provided to Lab. The Plaintiff's specimen processed at the Lab was performed in a non-discriminatory fashion without regard to race, sex, national origin or religion. *Id.* at ¶ 9. Apparently, according to Plaintiff's complaint, Plaintiff is Caucasian. However, but for Plaintiff's statement in his complaint that he is "white", Defendant is unaware of Plaintiff's race.

## III. **AFFIRMATIVE DEFENSES**

The Defendants assert the following defenses to the Plaintiff's claims:

1. Defendant denies each and every material allegation contained in the Plaintiff's Complaint and demands strict proof thereof. Any allegations contained in Plaintiff's Complaint not explicitly admitted herein are denied and strict proof is demanded to support such allegations.

2. Defendant pleads not guilty to the charges in the Plaintiff's Complaint.

3. The Plaintiff's Complaint fails to state a claim against the Defendant for which relief can be granted.

4. Defendant affirmatively denies any and all alleged claims by the Plaintiff.

5. The Plaintiff is not entitled to any relief requested in the Complaint.

6. Defendant cannot be held liable on the basis of *respondeat superior*, agency, or vicarious liability theories.

7. Defendant pleads the general issue.

8. Defendant is entitled to absolute and qualified immunity from suit and liability in this action. With regard to qualified immunity, the burden is on the Plaintiff to demonstrate that the law "in factual terms staked out in a bright line" that the Defendant's conduct was unlawful. Lassiter v. Alabama A&M Univ. Bd. of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc). Mere statements of broad legal truisms, such as those made by the Plaintiff in his Complaint, are not sufficient to overcome qualified immunity. Post v. City of Ft. Lauderdale, 7 F.3d 1557 (11th Cir. 1993). Defendant has a right to a determination of this issue before he is subjected to the requirements of a lawsuit, including a limitation or prohibition on discovery, and request that the Plaintiff provide specific citation to authority from the United States Supreme Court, Eleventh Circuit, or appropriate statutory law, which clearly establishes that the specific alleged conduct

taken by the Defendant against the Plaintiff violates a constitutional right of the Plaintiff, before the Plaintiff can overcome the qualified immunity to which Defendant is entitled.

9. The Plaintiff/prisoner failed to comply with the mandatory requirements of the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997(e), *et seq.* ("PLRA") and the PLRA directly applies to require that this matter be dismissed with prejudice for failing to comply with the terms and conditions of grievance procedures concerning medical issues.

10. Defendant pleads the defense of qualified immunity and aver that the actions taken by the Defendant was reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff.

11. Defendant is entitled to qualified immunity and it is clear from the face of the Complaint that the Plaintiff has not alleged specific facts indicating that the Defendant has violated any clearly established constitutional right.

12. The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

13. The allegations contained in the Plaintiff's Complaint against the Defendant, Allen K. Valaer, sued in his individual capacity, fails to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *Arnold v. Board of Educ. Of Escambia County*, 880 F.2d 305, 309 (11th Cir. 1989).

14. This Court lacks subject matter jurisdiction because even if the Plaintiff's allegations should be proven, the allegations against the Defendant would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights. *See Rogers v. Evans*, 792 F.2d 1052 (11th Cir. 1986).

15. The Plaintiff's claims against the Defendant, Allen K. Valaer, in his official capacity are barred by the Eleventh Amendment to the United States Constitution.

16. Alabama law provides tort and other remedies for the allegations made by the Plaintiff herein and such remedies are constitutionally adequate.

17. Defendant pleads the defense that at all times in treating Plaintiff he exercised the same degree of care, skill, and diligence as other healthcare providers would have exercised under similar circumstances and that at no time did he act toward the Plaintiff with deliberate indifference to a serious medical need.

18. Defendant pleads the affirmative defense that the Plaintiff's Complaint fails to contain a detailed specification and factual description of the act and omissions alleged to render him liable to the Plaintiff as required by § 6-5-551 of the Ala. Code (1993).

19. Defendant adopts and asserts all defenses set forth in the Alabama Medical Liability Act § 6-5-481, *et seq.*, and § 6-5-542, *et seq.*

20. Defendant pleads the affirmative defenses of contributory negligence and assumption of the risk.

21. Defendant pleads the affirmative defense that Plaintiff's damages, if any, were the result of an independent, efficient, and/or intervening cause.

22. Defendant pleads the affirmative defense that he is not responsible for the policies and procedures of the Alabama Department of Corrections.

23. Defendant pleads the affirmative defense that the Plaintiff has failed to mitigate his own damages.

24. Defendant pleads the affirmative defense that he is not guilty of any conduct which would justify the imposition of punitive damages against him and that any such award would violate the United States Constitution.

25. The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing *in forma pauperis* actions in federal court.

26. Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from the Defendant, Allen K. Valaer.

27. Defendant asserts that the Plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and requests this Court pursuant to 42 U.S.C. § 1988 to award Defendant's reasonable attorney's fees and costs incurred in the defense of this case.

28. Plaintiff's injuries and damages, if any, were a result or consequence of supervening, independent or intervening conduct, events or acts by other persons or entities over whom Defendants had no control or right of control.

29. Defendant affirmatively avers that all of his actions were taken in good faith. Plaintiff cannot recover based upon Plaintiff's conclusory, unsupported, bareboned and vague allegations against Defendant as they are unsupported by fact or law.

30. Should the Plaintiff's Complaint be construed to state claims under Alabama law, all state claims against Defendant in his official capacity are barred because the Eleventh Amendment to the United States Constitution prohibits federal courts from hearing state law

claims against state officials under the Doctrine of Pendant Jurisdiction. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 117-121 (1984).

31. In addition to Defendant's Eleventh Amendment defense, Defendant further contends that he is not "persons" within the meaning of 42 U.S.C. § 1983. The Plaintiff, by suing Defendant in his official capacity, is seeking damages from the State of Alabama. Neither a state, nor its officials, as sued in their official capacities are "persons" under 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 109 S.Ct. 2304, 2312 (1989) and *Hafer v. Melo*, 502 U.S. 21, 22-23 (1991).

32. Defendant asserts the defense of qualified immunity. Further, defendant pleads the privileges, qualified immunities, substantive immunities, state law immunities, absolute immunities, defenses and good faith immunities given to officers of the law, governmental entities or otherwise in the above styled cause. Defendant states that any action taken by him was made in good faith and in the performance of his duty.

33. Defendant asserts that the allegations within the Complaint and the facts as will be developed are insufficient to invoke the jurisdiction of this Court.

34. Defendant pleads and asserts the statutory immunity provided by Act of the Alabama Legislature, designated as *Act Number 94-640*, effective April 26, 1994, and Codified as *Ala. Code* § 6-5-338, which provides absolute immunity to all peace officers and governmental units.

35. Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e(a). Specifically, Plaintiff has filed this lawsuit against Defendant without first exhausting his administrative remedies by filing

a claim with and proceeding before the Alabama State Board of Adjustments as required by Ala. Code § 41-9-60.

36. The Prison Litigation Reform Act amendment to 42 U.S.C.§ 1997e(c) mandates the dismissal of Plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks money damages from Defendant who is entitled to immunity.

37. That the Plaintiff does not plead or otherwise specifically show a physical injury as required by 42 U.S.C. § 1997e(e) which provides that:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

38. That the Plaintiff failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing *in forma pauperis* actions in federal court.

39. That, pursuant to 28 U.S.C. § 1915(f), Plaintiff is required to make payment for all court costs in this matter in the same manner as provided for filing fees in 28 U.S.C. § 1915(a)(2).

40. Pursuant to 28 U.S.C. § 1915A, this court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from Defendant who is a state officer entitled to immunity. These same standards are continued and provided for in 42 U.S.C. § 1997e(c).

41. Defendant asserts the affirmative defense of the contributory negligence of Plaintiff.

42. Defendant denies that he breached a duty or obligation owed to the Plaintiff.

43. Defendant is entitled to immunity under state law from any state law claims deemed to be asserted by Plaintiff. *See Ex parte Thomas J. Purvis*, (re: *Ackers v. Mobile County, et al.*) 689 So.2d 794 (Ala. 1996) and *Alexander v. Hatfield*, 652 So.2d 1142 (1994).

44. With regard to any state law claims, Defendant asserts absolute state law immunity with regard to all state law claims asserted against him in his official and individual capacities. *See Ex parte Jason Lowell Blankenship*, 893 So.2d 303 (Ala. 2004)(Where the Alabama Supreme Court held that not only should the case involving state law claims have been dismissed by the trial court, but also that the court did not have "subject matter jurisdiction" to do anything but dismiss the case).

45. To the extent that Plaintiff's claims are premised upon a *respondeat superior* theory, said claims are due to be dismissed because the Plaintiff cannot recover for claims which are premised upon a *respondeat superior* theory. *See White v. Birchfield*, 582 So.2d 1085 (Ala. 1991); and *Hardin v. Hayes*, 957 F.2d 845 (11th Cir. 1992).

46. Plaintiff's Complaint does not contain sufficient allegations of an affirmative causal link between the Defendant's alleged conduct and the alleged constitutional deprivation. *See Hardin v. Hayes*, 957 F.2d 845, 848 (11th Cir. 1992); and *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990).

47. Defendant asserts that Plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and request this Court pursuant to 42

U.S.C. § 1988 to award Defendant's reasonable attorney's fees and costs incurred in the defense of this case.

48. Plaintiff cannot establish federal law claims under 42 U.S.C. § 1983 against Defendant.

## IV. CONCLUSION

For the reasons set out herein and, based on the undisputed evidence in the record, Defendant respectfully requests that Plaintiff's claim against Defendant, Allen K. Valaer, be dismissed with prejudice.

Respectfully submitted this 19th day of May, 2008.

Respectfully submitted,

/s/ James A. Hoover
James A. Hoover (HOO022)

Attorney for Defendant
Allen K. Valaer

OF COUNSEL:

BURR & FORMAN LLP
420 North Twentieth Street, Suite 3400
Birmingham, Alabama 35203
(205) 458-5111

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing SPECIAL REPORT and ANSWER has been served on the following by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, on this the 19th day of May, 2008:

Bettie J. Carmack, Esq.
Alabama Attorney General's Office
11 South Union Street
Montgomery, Alabama 36130

Mark Alan Byrd
AIS 142221
ADOC BULLOCK
Bullock Correctional Facility
Post Office Box 5107
Union Springs, Alabama 36089-5107

/s/ James A. Hoover
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARK ALAN BYRD, #142 221 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:08-CV-244-MHT |
| | ) | |
| WARDEN K. JONES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

AFFIDAVIT OF ALLEN VALAER

**COMES NOW,** Allen Valaer, and after having been duly sworn, does depose and state as follows:

1. My name is Allen Valaer, and I am over the age of twenty-one years. I have a Masters degree in Medicinal Chemistry and am certified as a Toxicological Chemist. I am a forensic toxicologist employed by East Alabama Medical Center in the Forensic Toxicology department and have been such at all times material to the matters set forth herein. I have personal knowledge of the facts set forth in this affidavit and all such facts are true to the best of my knowledge.

2. The East Alabama Medical Center Forensic Toxicology Laboratory is certified by the American College of Pathologists in forensic urine drug testing and was certified as such during the time of the testing at issue.

1666065 v1



3. Any and all specimen results certified by me or tested under my direction are done through my scope of employment with East Alabama Medical Center and not performed in my individual capacity.

4. I was the certifying scientist who certified the results of the confirmatory drug testing on the urine specimen of Mark Alan Byrd.

5. Mr. Byrd's sample was received by the Forensic Toxicology Laboratory (hereinafter referred to as "Lab") on February 12, 2008 via DHL carrier. The sample was properly packaged and sealed upon receipt.

6. As per procedure, Mr. Byrd's sample was properly sealed with tamper-evident tape and included a specimen identification number matching the specimen identification number on the Custody and Control Form (hereinafter referred to as "CCF"). Mr. Byrd's name and inmate number was provided on the CCF. No other identifying information was provided to the Lab at any time.

7. Mr. Byrd's urine specimen was received with the accompanying CCF from Bullock Correctional Facility. The CCF provided direction to perform confirmatory analysis by GCMS for the presence of THC.

8. Confirmatory testing was performed according to proper procedure and a positive result of the urinary metabolite of THC was certified by me on February 13, 2008.

9. All specimens processed at the Lab are performed in a non-discriminatory fashion without regard to race, sex, national origin or religion.

10. Neither I nor Lab know or have any knowledge concerning Mr. Byrd or any disciplinary proceedings involving him.

Affiant says nothing further.

Allen Valaer

STATE OF ALABAMA )
COUNTY OF LEE )

Before me, the undersigned authority, a notary public in and for said county, in said state, personally appeared Allen Valaer, and who is known to me, and who, upon being first duly sworn, acknowledged that the information contained in the foregoing affidavit is true and correct to the best of their information and belief, and that they executed same voluntarily and with full authority.

Given under my hand and seal this the 9th day of May 2008.

[SEAL]

NOTARY PUBLIC

My Commission Expires: Nov. 4, 2009