## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **MARK ALAN BYRD (142221),** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| VS. | * | **2:08-cv-244-MHT** |
| | * | |
| **WARDEN K. JONES, et al,** | * | |
| | * | |
| Defendants. | * | |

### ANSWER and SPECIAL REPORT

Comes now the Defendants, **Warden Kenneth Jones, Warden Sandra Giles, Officer Willie Byrts, Sergeant Henry Ruffin, Officer Michael Holcey, and Officer Jackie Pettway,** through the Attorney General for the State of Alabama, by and through its assistant attorney general, *Bettie J. Carmack,* and in accordance with this Honorable Court's Order of April 7, 2008, do hereby submit the following Special Report.

### PARTIES

A.    **MARK ALAN BYRD** (Plaintiff; hereinafter "Inmate Byrd") – an Alabama Department of Corrections (ADOC) inmate currently imprisoned at Bullock Correctional Facility, located at P. O. Box 5107 Union Springs, AL 36089.

B.    **SANDRA GILES** (Defendant) – an ADOC employee, currently employed as a Warden II at Bullock County Correctional Facility, located at P. O. Box 5107 Union Springs, AL  36089.

C.    **WILLIE BYRTS** (Defendant) - an ADOC employee, currently employed as a Correctional Officer at Bullock Correctional Facility, located at P. O. Box 5107 Union Springs, AL 36089.

D.    **HARVEY RUFFIN** (Defendant) – an ADOC employee, presently employed as a Correctional Sergeant at Bullock Correctional Facility, located at P. O. Box 5107 Union Springs, AL 36089.

E.    **JACKIE PETTWAY** (Defendant) – an ADOC employee, presently employed as a Correctional Officer at Bullock Correctional Facility, located at P. O. Box 5107 Union Springs, AL 36089.

F.    **KENNETH L. JONES** (Defendant) – an ADOC employee, presently employed as a Warden III at Bullock Correctional Facility, located at P. O. Box 5107 Union Springs, AL 36089.

G.    **MICHAEL HOLCEY** (Defendant) – an ADOC employee, presently employed as a Correctional Officer at Bullock Correctional Facility, located at P. O. Box 5107 Union Springs, AL 36089.

## <u>DEFENDANT'S EXHIBITS</u>

1.    Exhibit A – Byrd's positive drug test and related documents

2.    Exhibit B – Byrd's disciplinary proceeding and related documents

3.    Exhibit C – Affidavit of Kenneth L. Jones

4.    Exhibit D – Affidavit of Jackie Pettway

5.    Exhibit E – Affidavit of Harvey Ruffin

6.    Exhibit F – Affidavit of Willie L. Byrts

7.    Exhibit G – Affidavit of Sandra Y. Giles

8.    Exhibit H – Affidavit of Michael Holcey

## <u>PLAINTIFF'S ALLEGATIONS</u>

In Inmate Byrd's original complaint, he raised three (3) grounds for relief: a conspiracy to violate his due process and equal protection rights during a disciplinary hearing; racial discrimination during his disciplinary hearing; and violation of his due process rights during the disciplinary hearing. (Doc. 4)  This Court dismissed Inmate Byrd's due process claims and conspiracy claims. (Doc. 4, pg. 4)  The only claim remaining is Inmate Byrd's claim that he was discriminated against at his disciplinary hearing.

## FACTS

On February 11, 2008, Inmate Byrd tested positive for marijuana. (Exhibit A) On March 2, 2008, a disciplinary hearing was held and Inmate Byrd was found guilty of testing positive for marijuana. (Exhibit B) As a result of being found guilty, Inmate Byrd lost his store, phone, and visiting privileges for 45 days, 6 months of "Good Time," and was confined to segregation for 45 days. *See id.*

## ANSWER

In answer to Inmate Byrd's allegations, the Defendants state as follows:

1. Defendants deny Plaintiff's allegations and demand strict proof thereof.

2. Defendants deny that any of the Plaintiff's constitutional rights have been violated.

3. Defendants assert the affirmative defenses of sovereign, qualified immunity, and absolute immunity.

4. Defendants deny each and every material allegation not expressly admitted herein and demand strict proof thereof.

## ARGUMENT IN SUPPORT OF DISMISSING INMATE BYRD'S COMPLAINT

In an attachment to his complaint, Inmate Byrd has alleged that "serious ethnic violations occurred during the whole disciplinary process, especially on the part of Sgt. Henry Ruffin and CO Willie Byrts." (Doc. 1, pg. 8)  Inmate Byrd also alleged that Officer Michael Holcey discriminated against him at the disciplinary hearing.  *See id.*  In particular, Inmate Byrd alleged the following discriminatory actions by Sgt Ruffin, Officer Byrts, and Officer Holcey:

- <u>Sgt. Henry Ruffin</u> – he allegedly would not allow Inmate Byrd's witnesses to be present, recommended that 45 days of segregation be added to the previously recommended punishment, and his mere presence influenced the way Officer Byrts conducted the hearing

- <u>Officer Willie Byrts</u> – he acted as the hearing officer and allegedly predetermined Inmate Byrd's guilt without hearing witnesses, hearing Inmate Byrd's testimony, or allowing Inmate Byrd to present a defense

- <u>Officer Holcey</u> – he was black and present at the hearing

(Doc. 1, pgs. 4-9)

According to Inmate Byrd all individuals involved in the hearing were black; they held the hearing in a secluded location of the prison; and held the hearing at 2 a.m.. (Doc. 1, pgs. 8-9)  According to Inmate Byrd, he was "extremely intimidated and frightened by the black officers." (Doc. 1, pg. 9)

"Under the equal-protection clause of the fourteenth amendment, 'no State shall . . . deny to any person within its jurisdiction the equal protection of the

laws.' U.S. Const. amend. XIV §1. 'The central purpose of the Equal Protection Clause . . . is the prevention of official conduct discriminating on the basis of race.'" Shows v. Morgan, 40 F. Supp. 2d 1345, 1356 (M.D. 1999) *citing* Washington v. Davis, 426 U.S. 229, 239 (1976). "In order to establish an equal protection claim, [Inmate Byrd] must demonstrate that (1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest . . ." Boxer X v. Donald, No. 05-14904, 2006 WL 463243, at *4 (11th Cir. 2006).

In this case, Inmate Byrd was given a disciplinary hearing because he tested positive for THC (marijuana). (Exhibit B) Inmate Byrd has failed to plead facts that would tend to indicate that the disciplinary hearings of white inmates are conducted differently from the disciplinary hearings for black inmates. Because Inmate Byrd has failed to show that similarly situated inmates (black inmates) are treated more favorably at their disciplinary hearings than white inmates, his equal protection claim is due to be dismissed. *See* Jones v. Ray, 279 F. 3d 944, 947 (11th Cir. 2001) ("Jones did not set forth any facts in support of his allegations. Even a liberal interpretation of this *pro se* pleading does not reveal any factual basis for an equal protection claim. Thus, we affirm the grant of summary judgment in favor of the defendants.").

Furthermore, Inmate Byrd's equal protection claim is due to be dismissed because he has failed to show that his disciplinary hearing was allegedly conducted in an inappropriate manner solely because he is white. Inmate Byrd's

disciplinary hearing was premised solely on the fact that he tested positive for THC (marijuana), not because he is white. The hearing was held by "black officers" because no "white officers" were working the third shift and there are only three white officers employed in the entire facility. (Exhibit F)  Inmate Byrd has stated that the hearing was discriminatory because it was conducted in an intimidating manner by black people. (Doc. 1, pg. 9)  Being "intimidated" by black people is not a ground for a court to find racial discrimination.  If racial discrimination could be predicated on the mere presence of black people, the courts would be flooded with litigation from white inmates claiming racial discrimination in Alabama prisons.

Because Inmate Byrd has failed to show that he was the subject of a disciplinary hearing solely because he is white, Inmate Byrd's equal protection claim is due to be dismissed. *See* Withrow v. Jones, 2005 WL 1270902, at *5(M.D. Ala. May 27, 2005)("[I]t is clear from the undisputed evidentiary materials that the disciplinary proceedings which form the basis for the instant complaint were premised solely on the plaintiff testing positive for the use of a controlled substance . . . Thus, the evidence before the court establishes that the actions taken against the plaintiff were not predicated upon any constitutionally protected interest.  Since the actions about which the plaintiff complains do not rise to the level of an equal protection violation, summary judgment is due to be granted in favor of the defendants on this claim.").

## CONCLUSION

WHEREFORE BASED UPON THE ABOVE, the defendants move this

Honorable Court to dismiss the above stated action.


Respectfully Submitted,

Troy King (KIN047)
Attorney General


/s/ Bettie J. Carmack
Bettie J. Carmack (CAR-132)
*Assistant Attorney General*
*Civil Division*
11 South Union Street
Montgomery, AL 36130
Phone: 334-353-5305
Fax: 334-242-2433
Email: bcarmack@ago.state.al.us

## CERTIFICATE OF SERVICE

I hereby certify that I have this the _____9th_____ day of June, 2008, served a

copy of the foregoing upon the Plaintiff, by placing same in the United States

Mail, postage prepaid and properly addressed as follows:


**Mark Byrd**
**AIS # 142221**
**Bullock Correctional Facility**
**P. O. Box 5107**
**Union Springs, AL 36089**


/s/ *Bettie J. Carmack*
Bettie J. Carmack (CAR-132)
*Assistant Attorney General*
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
Telephone: (334) 353-5305
Facsimile: (334) 242-2433

**Run:** 2/11/08
11:24 AM
Page 1

# Bullock Correctional Facility

**Drug Lab**

**Union Springs, Alabama 36089**

**Phone: (334)738-5625**

### Final Report

**Fax: (334)738-5020**

| Client ID | 142221 |
|---|---|

| | |
|---|---|
| **Client Name** | **BYRD MARK** |
| **Institution Code** | **045** |
| **Date Entered** | **2/11/08 9:32:17 AM** |
| **WorkList Number** | **0** |

| | | | |
|---|---|---|---|
| *Specimen Date* | *2/11/08 9:23:24 AM* | *Posted Date* | *2/11/08 11:03:58 AM* |
| *Date Collected* | *2/11/08 12:48:00 AM* | | |
| *Collected By* | *OFRC M HOLCEY* | | |
| *Posted By* | *J PETTWAY* | | |

| *Test Name* | *Test Result* | *Test Type* | *Test Date* |
|---|---|---|---|
| THC | POS. | 1 | 2/11/08 9:23:25 AM |
| MMA | NEG. | 1 | 2/11/08 9:23:25 AM |
| COC | NEG. | 1 | 2/11/08 9:23:25 AM |
| BAR | NEG. | 1 | 2/11/08 9:23:25 AM |

Outcome:

Signed: _____

Results approved by: _____

Copy Rcv'd By Inmate: _____ AIS# _____ Date _____

\* **POS. = Positive result**

\* **NEG. = Negative result**

**All positive samples are screened twice**

**Positive samples are held 7 days**



# forensic toxicology lab

### east alabama medical center • 121 north 20th street, bldg 17 • opelika, al • 36801

```
Donor ID:            Byrd, Mark                Specimen ID #      041789
Alternate ID:        142221                    Lab. Accession No. 08-02236
Collected Date:      02/11/2008
Received Date:       02/12/2008                Client:  Bullock Correctional
Reported Date/Time:  02/14/2008 08:00 AM                104 Bullock Drive
Reason For Testing:  Random                             Union Springs, AL 36089
MRO:                 Dr. Ron Cavanaugh         Contact: Officer Pettway  (334) 738-5625
```
----------------------------------------------------------------------------
### FORENSIC DRUG TESTING RESULTS
#### GC/MS1
----------------------------------------------------------------------------

```
Marijuana                         POSITIVE*
   Analysis by GCMS confirmed the presence of :       11-nor-9-carboxy-delta-9-THC: 12 ng/mL
   11-nor-9-carboxy-delta-9-THC is a metabolite of marijuana.

Certifying Scientist: Allen K Valaer
```

----------------------------------------------------------------------------
### FINAL REPORT

**Run:** 2/11/08
11:24 AM
Page 1

# Bullock Correctional Facility

Drug Lab

Union Springs, Alabama 36089

Phone: (334)738-5625

**Final Report**                    Fax: (334)738-5020

| Client ID | 142221 |
|---|---|

**Client Name**         BYRD MARK

**Institution Code**    045

**Date Entered**        2/11/08 9:32:17 AM

**WorkList Number**     0

| | | | |
|---|---|---|---|
| *Specimen Date* | *2/11/08 9:23:24 AM* | *Posted Date* | *2/11/08 11:03:58 AM* |
| *Date Collected* | *2/11/08 12:48:00 AM* | | |
| *Collected By* | *OFRC M HOLCEY* | | |
| *Posted By* | *J PETTWAY* | | |

| Test Name | Test Result | Test Type | Test Date |
|---|---|---|---|
| THC | POS. | 1 | 2/11/08 9:23:25 AM |
| MMA | NEG. | 1 | 2/11/08 9:23:25 AM |
| COC | NEG. | 1 | 2/11/08 9:23:25 AM |
| BAR | NEG. | 1 | 2/11/08 9:23:25 AM |

Outcome:

Signed: *Mark Byrd*    *Martin Howard CO*

Results approved by: _____

Copy Rcv'd By Inmate: *Mark Byrd*    AIS# 142221  Date 2-23-08

* POS. = Positive result

* NEG. = Negative result

All positive samples are screened twice

Positive samples are held 7 days

DEPARTMENT OF CORRECTIONS

## CHAIN OF CUSTODY

Name of Institution: __Bullock Correctional Facility__          Inst. Code: __045__
Date: __Feb. 1, 2008__                              Time Specimens Delivered: __1:30AM__

|    | First | Last | Time of Collection | AIS# | Race | Sex (M-F) | Medications (Yes or No) | Dorm Bed |
|----|-------|------|--------------------|------|------|-----------|-------------------------|----------|
| 1  | DAVID | POOLE | 12:56AM | 255330 | W | M | NO | J1-16A |
| 2  | CHARLES | CAINE | 1:54AM | 196113 | B | M | NO | J1-16B |
| 3  | WESLEY | KESSLER | 1:00AM | 251110 | W | M | Yes | J1-17A |
| 4  | ROBERT | JONES | 1:02AM | 153914 | B | M | NO | J1-17B |
| 5  | DANNY | HENDERSON | 1:25AM | 256259 | W | M | Yes | J1-18A |
| 6  | JOSEPH | HUIE | 1:17AM | 141388 | W | M | NO | J1-18B |
| 7  | JOHN | DUNCAN | 1:23AM | 180841 | W | M | NO | J1-19A |
| 8  | MARIO | WILLIS | 12:59AM | 254678 | B | M | Yes | J1-19B |
| 9  | NICHOLAS | BURNHAM | 1:16AM | 254941 | W | M | NO | J1-20A |
| 10 | RICKY | MCQUEEN | 1:15AM | 244689 | B | M | NO | J1-20B |
| 11 | STEVEN | GARNER | 1:26AM | 203022 | W | M | NO | J1-21A |
| 12 | REGINALD | BROWN | 12:49AM | 254496 | B | M | NO | J1-21B |
| 13 | JAMES | THOMPSON | 1:07AM | 188892 | B | M | NO | J1-22A |
| 14 | RONNIE | WHITE | 12:55AM | 221696 | W | M | NO | J1-22B |
| 15 | DANNY | HENDRIX | 1:08AM | 111983 | W | M | NO | J1-23A |
| 16 | JEFFERY | WORMLEY | 1:12AM | 255439 | B | M | NO | J1-23B |
| 17 | MARK | BYRD | 12:48AM | 142221 | W | M | Yes | J1-24A |
| 18 | MICHAEL | WOODALL | 1:03AM | 184733 | W | M | NO | J1-24B |
| 19 | ELDRICK | MCNEAL | 1:25AM | 254470 | B | M | Yes | J1-25A |
| 20 | DANY | PICKARD | 1:08AM | 256041 | W | M | Yes | J1-25B |
| 21 | DEDRIONNE | BATTLE | 1:21AM | 253419 | B | M | NO | J1-26A |
| 22 | TERRY | WHITLEY | 1:22AM | 254278 | W | M | NO | J1-26B |
| 23 | TONY | COX | 12:56AM | 165440 | B | M | Yes | J1-27A |
| 24 | BROOK | DAVIS | 1:05AM | 254572 | B | M | NO | J1-27B |
| 25 | BRYAN | BRELAND | 1:27AM | 154181 | W | M | Yes | J1-28A |
| 26 | MICHAEL | BUSH | 1:20AM | 149363 | W | M | Yes | J1-28B |
| 27 | OLIVER | WALKER | 1:06AM | 150023 | B | M | Yes | J1-29A |
| 28 | HOUSTON | GEORGE | 12:52AM | 177388 | B | M | NO | J1-29B |
| 29 | BERNARD | EVANS | 12:56AM | 245866 | B | M | Yes | J1-30A |
| 30 | JOSEPH | WOFFORD | 12:58AM | 256341 | W | M | NO | J1-30B |
| 31 |       |      |                    |      |      |           |                         |          |

**OUR INSTITUTION REQUESTS THE ABOVE NAMED INMATE(S) BE DRUG SCREENED AND THE RESULTS OF ALL POSITIVE TESTS BE REPORTED VIA PHONE CALL WITH PAPERWORK TO FOLLOW**

There are a total of ___30___ specimens to be tested.

From: __(The above inmates)__ To: __Ofc. M. Holcey__ Date: __Feb. 1, 2008__ Time: __12:46 AM__
From: __Ofc. Holcey__ To: __3rd Shift Drug cabinet__ Date: __Feb. 1, 2008__ Time: __1:30 AM__
From: _____ To: _____ Date: _____ Time: _____
From: _____ To: _____ Date: _____ Time: _____
From: _____ To: _____ Date: _____ Time: _____

<u>RETAIN THIS FORM FOR ONE YEAR</u>

ADOC Form 440- December 14, 2005

1J of 12

AR440-January 05, 2006

# A F F I D A V I T

Before me, the undersigned authority, a Notary Public, in and for said County and State of Alabama at Large, personally appeared Kenneth L. Jones, who being known to me, and being by me first duly sworn, deposes and says under oath as follows:

My name is Kenneth L. Jones, and I am presently employed as a Correctional Warden III, with the Alabama Department of Corrections, Bullock Correctional Facility, Post Office Box 5107, Union Springs, Alabama 36089. I am over twenty-one (21) years of age.

I certify that the attached documents (Disciplinary Report DISC: #08-204, Incident Report BCF #08-204, Bullock Correctional Facility Drug Lab Report, and Forensic Toxicology Lab Report, in the name of Mark Byrd) are true and correct copies of the same documents maintained on file here at Bullock Correctional Facility.

_____
Kenneth L. Jones

STATE OF ALABAMA)

COUNTY OF BULLOCK)

SWORN TO AND SUBSCRIBED before me and given under my hand and official seal on this the ___15th___ day of May 2008.

_____
NOTARY PUBLIC

My Commission Expires: ___2/24/2009___

SEAL

EXHIBIT
B
PENGAD 800-631-6989

**ADMIN. COPY**

ALABAMA DEPARTMENT OF CORRECTION.
DISCIPLINARY REPORT

DOC Form 225B (Revised 7/92)

1. INMATE: Mark Byrd    CUSTODY: MED-2    AIS NO: WM/142221

2. FACILITY: **BULLOCK COUNTY CORRECTIONAL FACILITY**

3. The above named inmate is being charged by Officer Michael Holcey with a violation of Rule #90, specifically, Consumption or Use of, or Under the Influence of Alcohol, Narcotics or Other Intoxicants, from regulation #403, which occurred on or about February 14, 2008, at (time) 8:00 a.m. Location: East Alabama Medical Center Toxicology Department. A hearing on this charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows: You, inmate Mark Byrd, WM/142221, did test positive for THC (marijuana) according to a confirmation report provided by East Alabama Medical Center Toxicology from a urine sample submitted to Officer Michael Holcey on 2/11/08.

5. Michael Holcey, Correctional Officer _____ Michael Holcey CO
   Arresting Officer / Typed / Rank     Arresting Officer / Signature / Rank

6. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the 23 day of Feb, 2008 at (time) 12:38 (am/pm).

7. Mardia Howard co _____ Mark Byrd 142221
   Serving Officer / Signature / Rank    Inmate's Signature / AIS Number

8. Witnesses desired? NO _____    YES Mark Byrd 142221
   Inmate's Signature     Inmate's Signature

9. If yes, list: Ofcr Pettway, Allen K Weber

10. Hearing Date 3-2-08    Time 1:37am    Place MHC Conference room

11. Inmate must be present in Hearing Room. If he is not present explain in detail on additional page and attach.

12. A finding is made that inmate (is/is not) capable of representing himself.

    Willie Byrts, CO
    Signature / Hearing Officer

13. Plea: Mark Byrd 142221 Not Guilty _____ Guilty

14. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.

    Willie Byrts
    Signature / Hearing Officer

15. Arresting Officer's testimony (at the hearing): No testimony, other than I followed the correct procedures in collecting urine specimen.

Annex C to AR 403 ( Page 1 of 3 pages )

16.  Inmate's Testimony:  Not guilty, based on improper proce/ss

Witness: _____N/A_____   Substance of Testimony: _____

Witness: _____N/A_____   Substance of Testimony: _____

Witness: _____N/A_____   Substance of Testimony: _____

17.  The Inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are attached.

_Willie Byrd, CO_
Signature / Hearing Officer

18.  The Following witnesses were not called   -   reason not called
1. _____N/A_____   _____
2. _____   _____
3. _____   _____

19.  After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
The Hearing Officer finds that :  On 2/14/08, at approximately 8:00 a.m., at East Alabama Medical Center Toxicology Department, inmate Mark Byrd, WM/14221, did test positive for THC (marijuana) according to a confirmation report provided by East Alabama Medical Center Toxicology from a urine sample he submitted to Officer Michael Holcey on 2/11/08.

20.  Basis for Finding of Fact:  The hearing officer finds inmate Byrd guilty of testing positive for THC (marijuana) based on the confimation from the Bullock County Correctional Facility Drug Laboratory and the East Alabama Medical Center Toxicology Laboratory.

21.  Hearing Officer's Decision:   ✓ Guilty     ✓ Major
                                      Not Guilty         Minor

22.  Recommendation of Hearing Officer: _45 days loss of store, visiting, phone use privileges, remove 6 months Good Time, and confine to Segregation for 45 days._

_Willie Byrd, CO_
Signature / Hearing Officer

WILLIE BYRTS  CORRECTIONAL OFFICER
Typed Name and Title

23.  Warden's Action – Date  3-7-08
Approved
Disapproved
Other (specify) _____

Reason if more then 30 calendar days delay in action. _____

25.  I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above Named inmate on this the  8 TH  day of  MARCH  2008, at (time)  12:00  a.m./p.m).

_Napoleon _____ CO_       _Mark Byrd_  14221
Signature / Serving Officer / Title       Inmate's Signature and AIS Number
                                          Annex C of AR 403 (page 2 of 3 pages)

ALABAMA DEPARTMENT OF CORRECTIONS
MENTAL HEALTH SERVICES
## Mental Health Consultation to the Disciplinary Process

**STEP 1: ARRESTING OFFICER**

Offense: #90 Consumption or Use of or Under the Today's Date: 2-21-08
Influence of Alchol, Narcotics or Other Intoxicants

Inmate Name: Mark Byrd    AIS# 142221    Institution: BCCF

Is the inmate currently on the mental health caseload?    Yes ☒    No ☐

If NO, did the inmate display any signs of distress during the incident that would require a mental health referral?    Yes ☐    No ☐

Name of Arresting Officer: Michael Holcen    Shift: 3rd    Date of Incident: 2-14-08

**STEP 2: HEARING OFFICER:**

Hearing officer must refer for mental health consultation if the inmate does not understand the charge or consequences of the charge. Also, a mental health consultation is indicated if the inmate is not able to actively participate in the hearing as suggested by any of the following:

- *Inmate does not know where he is*
- *Inmate does not know the current date*
- *Inmate does not speak coherently*
- *Inmate does not know why he is seeing the hearing officer*
- *Inmate is not appropriately dressed*
- *Inmate's statements are not logical and organized*

Should the inmate be referred for mental health evaluation of competency?    Yes ☐    No ☐

Name of Hearing officer: _____    Referral Date: _____

**STEP 3: MENTAL HEALTH STAFF:**

Date consult received: 2/21/08    Date consult returned: 2/21/08

Is the inmate competent to participate in the hearing?    ☒ Yes ☐ No

If NO, why is the inmate not competent? _____

_____

If NO, what treatment will assist the inmate in becoming competent? _____

_____

Did mental health issues affect inmate's behavior at the time of the charge?    ☒ Yes ☐ No

If YES, describe the issue (s): Inmate suffers a Bipolar diagnosis where is indicator of depressed moods / Moodswings / anger & behavior

Are there mental health issues to be consider in disposition if found guilty?    ☐ Yes ☒ No

If YES, describe the issue (s) and the relation to the disposition: _____

_____

Will mental health staff be present at the disciplinary hearing to provide input?    ☒ Yes ☐ No

Mental Health Staff Member: Yvonne S. Stinson, MS, MHP    Phone: 834/738/5625

**STEP 4: REVIEW**

Have the mental health recommendations been considered?    ☐ Yes ☐ No

Hearing Officer: Willie Berts    Date: 3-2-08

| Inmate's Name | AIS # |
|---|---|
| Mark Byrd | 142221 |

Disposition: Inmate Medical Record and Institutional Inmate file
Previous edition is obsolete

Reference: ADOC AR: 623, 626, 632, 633, 635
ADOC Form MH-041 - October 24, 2006

## Statement

I do not plead guilty or not guilty to the charge. I base my defense on violations of the SOP/Admin Reg that governs the collection, handling and testing of specimens.

At the onset a specimen was taken from me on the date described. I do not dispute that. At that time, two officers handled the specimen, the one that watched me pee and the one sitting at the table checking the AIS numbers and names and putting the specimens in the box. The AIS number was wrong. The officer at the table scratched through the number on the bottle and wrote my number in it's place.

There is only one officer listed on the chain of custody. According to the required documentation no one but Ofcr. Holcey has handled the specimen and that was to place it in the third shift drug box.

There is nothing to show that Ofcr. Pathway got a specimen from the drug box.

I have to assume that the specimen,

after having the seal broken, completely left the institution and traveled all the way to Opelika with someone or more than one person to a place where it was given to God only knows who whereupon a man named Allen Valaer supposedly did some kind of test for confirmation. Now, because of lack of proper required documentation, I have no idea where my specimen is nor who or how many different people have handled it.

I have called Ofcr. Pettway and Allen Valaer as witnesses because I have questions that I want them to answer under oath about their qualifications and about the handling and whereabouts of the specimen.

The documentation described herein is required to insure the integrity of the testing process. Due to the lack of proper procedure being adhered to none of us can be certain who all has had access to the specimen.

Since the procedure was plainly deviated from the test results cannot be reliable enough to be accepted.

# Questions To Ofcr. Pettway

① Does the 3rd shift drug box have a lock on it?

② If so, who all has a key or access to the contents of the box?

③ Why is there no entries on the chain of custody after Ofcr. Holcey placing the speciman in the drug box?

④ Can you explain the way the test works and how you are certified to do the tests?

⑤ Can you tell me the dates, times and persons of everytime the specimen changed hands with absolute certainty?

⑥ Can you tell me where all my specimen has been and where it is now?

# Questions To Allen Valser

① Please explain the way a test is done.

② What type of certification do you have and how long have you been certified?

③ Would you agree, ~~____~~ being a scientist, that following proper established procedure with any type of lab testing is necessary in order for the results of the tests to be reliable?

④ Would you agree that a deviation from established procedure would render a high probability that the test results could not be accurate?

⑤ What control procedure do you use at your lab?

⑥ Do you have some type of log or chain of custody forms that you use?

Questions To Ofcr. Holcey

① Did you watch me pee or were you the Ofcr at the table?

② Who was the other officer?

③ Where is the 3rd shift drug box?

④ Does it have a lock on it?

⑤ Who all has a key to the lock?

# Questions To Allen Valaer (cont.)

⑦ How do you receive specimens from Bullock?

⑧ Where is my specimen now?

⑨ About how many specimens do you test a day?

⑩ Is 12ng a substantial amount?

⑪ Does a body or some types of meds, namely, lithium, inderal, Celexa, Triavil and ibuprofen, ever render a THC positive result of 12ng?

⑫ As a forensic scientist would you agree that documentation of a strict chain of custody in handling evidence is crucial?

⑬ Did you handle my specimen?

⑭ Why did you not sign the chain of custody sheet?

CDINC   INMATE DISPLAY   26/FEB/2008  ** PRODUCTION **

AIS: 00142221B   BYRD, MARK ALAN       R/S: WM   DOB: 01/22/1966
INST: 045 - BULLOCK CORRECTIONAL FACILITY    DORM: DP
OFF: 103C - BURGLARY III                 NCIC OFF: 2299

1. ADMIT   DT: 02/19/2004 08 COMMIT CNTY : 39 LAUD    MENTAL HEALTH: MH-5
2. RELEASE   DT: 08/18/2006 23 ACT 754 OR PROBATION    JAIL CREDIT : 2795
3. SENTENCE  DT: 07/27/2007              STAT CODE   : 48
4. LONG RLS  DT: 11/26/2014   TIME SERVED : 008Y04M04D   YOUTH OFF   : A
5. MIN RLS   DT: 09/01/2009   DEAD TIME  : 000Y00M00D   PR INC LOC  : 00
6.              TOT GT REC'D: 001Y05M13D   PRIM JURIS  : 0
7. RECAPTURE DT:        TOT GT RVK'D: 000Y00M00D   SECURITY LVL : 4
8. READMIT   DT: 07/27/2007   GT BALANCE : 001Y05M13D   446 SENT/SERV: Y Y
9. RETRO CIT DT:        TOTAL TERM : 015Y00M00D   TRANSFER CNT : 17
10. GEN PROG  DT: 12/06/2008              DISCIP  CNT : 5
11. TOLL    DT:        SERVING CASE: 2003 000417   DET/WAR  CNT : 2
12. 446 CLASS DT: 07/27/2007   S I D  NBR : 00980023    ENEMY   CNT : 8
13. COMP    DT: 11/16/2007   R E D  NBR : 000000    SPECIAL  ED : N
14. LST TRAN  DT: 02/21/2008   S S N  NBR *: 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

15. CURR CUST DT: 12/12/2007   CUST CODE  : 22 MED2    CUST RETAIN :
16. PRES  HRG DT:        PRES  PRL DT: 00/0000   PRES  HRG DEC: 00
17. PRIOR HRG DT:        PRIOR PRL DT: 00/0000   PRIOR HRG DEC: 00
COMMENTS: RVKD CCP 9/27/2007; SAP        *PAGE* ARCH: N

** PRODUCTION **

26/FEB/2008    16:43:58    CDDIS    709    045MW        CDDIS04    649

A I S NUMBER : 00142221B   COMMITMENT NAME : BYRD, MARK ALAN

| SEQ # | DATE | RECV | RSN | REVK | TYP | RULE | PNLT | RT DYS | CST-FR | CST-TO |
|-------|------|------|-----|------|-----|------|------|--------|--------|--------|
| 005 | 02/07/2008 | | 00/00/00 | 9 | 64 | 4 | 0000 | 22 | 22 | |
| 004 | 08/02/2006 | | 00/00/00 | 9 | 64 | 4 | 0000 | 15 | 15 | |
| 003 | 12/28/2005 | | 00/00/00 | 9 | 64 | 4 | 0000 | 15 | 15 | |
| 002 | 08/03/2005 | | 00/00/00 | 9 | 57 | 4 | 0000 | 15 | 15 | |
| 001 | 03/09/2005 | | 00/00/00 | 9 | 64 | 4 | 0000 | 25 | 25 | |

END DATA-KEY CDDIS[SEQ#] FOR SEQ# DETAIL

SYNOPSIS FOR DISCIPLINARY HEARING

This Bullock County Correctional Facility disciplinary hearing is hereby convened to hear evidence against inmate _Mark Byrd_ . The time is _1:37 am_ and today's date is _3-2-08_ .

The accused, the arresting official and all witnesses were sworn to tell the truth during these proceedings.

The hearing officer explained to inmate _Mark Byrd_ that he was being charged by officer _Michael Holcey_ with violation of Rule # _90_ , specifically, _Consumption or use of Under the influence of Alahol_ and that he was served a copy of the charge on (date) _2/23/08_ , and (did/did not) desire witnesses.

The hearing officer fully examined the documents to ensure that Due Process was afforded. The hearing officer then asked the accused if he understood the charge and he replied; (Yes) _✓_ (No) ___ . After the accused answered yes, the hearing officer asked, "How do you plea?" and the accused replied; (Guilty) ___ (Not Guilty) _✓_ .

ARRESTING OFFICER'S TESTIMONY: _None Needed. Officer Holcey followed the correct procedure in collecting urine Specimen._

INMATE'S TESTIMONY: _Not guilty based on improper procedures._

WITNESS #1: _____

WITNESS #2: _N/A_

WITNESS #3: _____

**CONTINUE ON THE BACK**

REVISED 11/95

The accused was allowed to submit written questions to the witnesses. The following witnesses were not called for the reasons stated:

#1. _____

#2. _____ The witnesses were drug lab technicians. _____

#3. _____

AFTER HEARING ALL TESTIMONY, THE HEARING OFFICER MAKES THE FOLLOWING FINDINGS OF FACT:

On _2/14/08_ at approximately _8:00 a.m._ in (area) _East Alabama Medical_ inmate _Mark Byrd_ AIS# _142221_ (did/did not) _Test positive Center Toxicology for THC (marijuana) according to a confirmation report provided by East Alabama Medical Center Toxicology from a urine sample_

Such action(s) as described in this case (is/(is not)) permitted at BCCF. Therefore, the inmates actions ((does)/does not) constitute a violation of Rule # _90_, _Consumption or Use of or Use of, or Under the Influence of Alcohol, Narcotics, or other intoxicants._

BASIS FOR FINDING OF FACT: The hearing officer _finds the inmate guilty of testing positive for THC (marijuana) based on confirmation from the Bullock Co Correctional Facility drug lab and the East Alabama Toxicology lab_

HEARING OFFICERS DECISION: [GUILTY _✓_  NOT GUILTY _____]     *****MAJOR  ✓

RECOMMENDATION FOR PUNISHMENT OR SANCTIONS:

1. (✓) Loss of Store Privileges for _45_ days.
2. (✓) Loss of Visiting Privileges for _45_ days.
3. (✓) Loss of Telephone Privileges for _45_ days.
4. ( ) Extra Duty for _____ days.
5. (✓) Confine to Segregation for _45_ days.
6. ( ) Remove G.T. Status for Seg. time plus 90 days.
7. (✓) Remove Good Time for _6_ (days/(months)) [circle one].
8. ( ) Extend current G.T. Category.
9. ( ) Reduce G.T. Category to Class # _____.
10. ( ) Place in G.T. Category _____ indefinitely.
11. ( ) Recommend to Classification for Custody Review.
12. ( ) Placement on the Chain Gang.
13. ( ) Refer to I&I for possible prosecution.

Such punishment is in accordance with Administrative Regulation 403, authorized punishment for major violations. It was explained to the inmate that under Admin. Reg. 403, there is no appeal.

_Willie Byrd, CO_
Hearing Officer's Signature/Title

STATE OF ALABAMA
### DEPARTMENT OF CORRECTIONS
### INCIDENT REPORT

| 1. Institution: Bullock County Correctional Facility | 2. Date: 2-11-08 | 3. Time: 12:46 a.m. | 4. Incident Number: BCF:08-204 | Class Code: C |
|---|---|---|---|---|

| 5. Location Where Incident Occurred: Gymnasium | 6. Type of Incident: Rule #90, Consumption or Use of, or Under the Influence of Alcohol, Narcotics or Other Intoxicants |
|---|---|

| 7. Time Incident Reported: 8:00 a.m. (2/14/08) | 8. Who Received Report: Lt. Lloyd Hicks   *Lloyd A. Hic* |
|---|---|

**9. Victims:**

| | Name | | AIS |
|---|---|---|---|
| a. | N/A | No. | |
| b. | | No. | |
| c. | | No. | |

| 10. Suspects: Name | AIS | 11. Witnesses: Name | AIS |
|---|---|---|---|
| a Mark Byrd | No. WM/142221 | a. N/A | No. |
| b John Duncan | No. WM/180841 | b. | No. |
| c Robert Jones | No. BM/153914 | c. | No. |
| d. | No. | d. | No. |
| e. | No. | e. | No. |
| | | f. | No. |
| | | g. | No. |

PHYSICAL EVIDENCE:
**12. Type of Evidence:**

Urine Specimens

**13. Description of Evidence:**

Three (3) urine samples in a clear plastic cup, sealed and labeled with the inmates' name and AIS number, and positive reports

**14. Chain of Evidence:**

a   Inmates Mark Byrd, WM/142221, John Duncan, WM/180841, and Robert Jones, BM/153914
b   Officer Michael Holcey
c   Third Shift Drug Cabinet
d
e

**15. Narrative Summary:**

On 2/11/08, at approximately 12:46 a.m., Officer Michael Holcey began collecting urine specimens from a random sample of inmates. Each inmate was identified by state issued identification cards. After proper identification had been made, each individual inmate was allowed to enter the gymnasium restroom where he was ordered to wash his hands. The inmate was asked if he was on any type of medication. After recording his answer, he was ordered to provide a sample of his urine in a plastic cup that had been labeled with his name and AIS number. After the sample had been provided, Officer Holcey sealed the cup with red evidence tape. At approximately 1:30 a.m., all specimens had been collected. At approximately 1:30 a.m., Officer Holcey placed the specimens in the Third Shift Drug Cabinet to be tested by Bullock Correctional Facility's Drug Testing officer. On 2/14/08, at approximately 8:00 a.m., Bullock's Drug Laboratory was notified that East Alabama Medical Center Toxicology Laboratory had confirmed Bullock's Drug Laboratory results that inmates Mark Byrd, WM/142221, John Duncan, WM/180841, and Robert Jones, BM/153914, had tested positive for THC (marijuana) from the sample they provided Officer Holcey (see attached Laboratory Reports). Therefore, disciplinary action was initiated against inmates Byrd, Duncan and Jones for violation of Rule #90, Consumption or Use of, or Under the Influence of Alcohol, Narcotics or Other Intoxicants. No further action was taken.

*Michael Holcey CO*
Michael Holcey, Correctional Officer

| Distribution: | ORIGINAL AND ONE (1) COPY to Central I & I Division | COPY to Deputy Commissioner of Operations (Class A and B ONLY) |
|---|---|---|
| | COPY to Institutional File | COPY to Central Records Office |

ADOC Form 302-A – June 1, 2005

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **MARK ALAN BYRD, #142 221** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **CASE NO. 2:08-CV-244** |
| **WARDEN K. JONES, et al.,** | * | |
| **Defendants.** | * | |

## A F F I D A V I T

Before me, the undersigned authority, a Notary Public, in and for said County and State of Alabama at Large, personally appeared Kenneth L. Jones, who being known to me, and being by me first duly sworn, deposes and says under oath as follows:

My name is Kenneth L. Jones, and I am presently employed as a Correctional Warden III, with the Alabama Department of Corrections, Bullock Correctional Facility, Post Office Box 5107, Union Springs, Alabama 36089. I am over twenty-one (21) years of age.

The disciplinary process in regards to the Disciplinary Hearing held on 3-2-08 to hear evidence pertaining to inmate Mark Byrd's, #142221, positive (marijuana) urine screen was not racially discriminatory, as he has alleged. Neither hearing officers nor



EXHIBIT
C

Page 2

the officers that collect urine samples are selected on the basis of race. The hearing was conducted in accordance with Alabama Department of Corrections Administrative Regulations, with no due process violations. The race of the suspect was not a factor. Racial discrimination towards employees, visitors or inmates is not tolerated at Bullock Correctional Facility. All inmates are expected to adhere to the established rules and regulations, regardless of race.

Inmate Byrd's urine tested positive for marijuana. He was found guilty at the Disciplinary Hearing and appropriate sanctions were recommended by the Hearing Officer. He was not racially discriminated against.

_____
Kenneth L. Jones


STATE OF ALABAMA)

COUNTY OF BULLOCK)

SWORN TO AND SUBSCRIBED before me and given under my hand and official seal on this the _12th_ day of May 2008.

_____
NOTARY PUBLIC

My Commission Expires: _2/24/2009_.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARK ALAN BYRD, #142 221          *

    Plaintiff,          *

        v.          *          CASE NO. 2:08-CV-244

WARDEN K. JONES, et al.,          *

    Defendants.          *

## A F F I D A V I T

Before me, the undersigned authority, a Notary Public, in and for said County and State of Alabama at Large, personally appeared Jackie Pettway, who being known to me, and being by me first duly sworn, deposes and says under oath as follows:

My name is Jackie Pettway, and I am presently employed as a Correctional Officer, with the Alabama Department of Corrections, Bullock Correctional Facility, Post Office Box 5107, Union Springs, Alabama  36089. I am over twenty-one (21) years of age.

I, Jackie Pettway, am the Drug Screening Officer for Bullock Correctional Facility. Inmates are tested on a random, unannounced basis, at a frequency that will assist in assessing if the inmate is drug-free. The names of individuals for random testing are generated by computer, based on five percent (5%) of the population, and race does not have anything to do with this process.



Page 2

_Jackie Pettway_
Jackie Pettway

STATE OF ALABAMA)

COUNTY OF BULLOCK)

SWORN TO AND SUBSCRIBED before me and given under my hand and official seal

on this the ___14th___ day of May 2008.

_Justine B. Person_
NOTARY PUBLIC

My Commission Expires: ___2/24/2009___

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARK ALAN BYRD, #142 221     *

     Plaintiff,     *

     v.     *     CASE NO. 2:08-CV-244

WARDEN K. JONES, et al.,     *

     Defendants.     *

## A F F I D A V I T

Before me, the undersigned authority, a Notary Public, in and for said County and State of Alabama at Large, personally appeared Harvey Ruffin, who being known to me, and being by me first duly sworn, deposes and says under oath as follows:

My name is Harvey Ruffin, and I am presently employed as a Correctional Sergeant, with the Alabama Department of Corrections, Bullock Correctional Facility, Post Office Box 5107, Union Springs, Alabama 36089. I am over twenty-one (21) years of age.

On March 2, 2008, I provided security outside the door while a Disciplinary Hearing convened on inmate Mark Alan Byrd for Rule Violation #90 – Consumption or Use of, or Under the Influence of Alcohol, Narcotics or Other Intoxicants. In my capacity as a Correctional Sergeant, I was present outside the hearing only to provide security. At no time did I enter the room while the hearing was in progress. I often provide security at disciplinary hearings due to the shortage of officers at the facility. I provide security for all races of inmates.

EXHIBIT
E
PENGAD 800-631-6989

Being a supervisor over Officer Willie Byrts, the hearing officer at the hearing, was

not a factor in the way  the disciplinary proceedings were held nor in the decision

making recommendations of Officer Byrts, the Hearing Officer. I am the supervisor over

 all officers on third shift and have provided security at many disciplinary hearings held

on all different races of inmates at the facility. My presence and/or or authority as a

supervisor over officers that chair disciplinary hearings has never affected or influenced

their recommendations or findings in a disciplinary hearing. My presence and/or

authorityas a supervisor was not discriminatory in reference to the race of Inmate Byrd

or the race any inmate.

_Harvey Ruffin_, CT Sergeant
Harvey Ruffin , Correctional Sergeant


STATE OF ALABAMA)

COUNTY OF BULLOCK)


SWORN TO AND SUBSCRIBED before me and given under my hand and official seal

on this the ___9th___ day of ___May___ 2008.

_Jerstine D. Person_
NOTARY PUBLIC

My Commission Expires:___2/24/2009___


SEAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **MARK ALAN BYRD, #142 221** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **CASE NO. 2:08-CV-244** |
| **WARDEN K. JONES, et al.,** | * | |
| **Defendants.** | * | |

## A F F I D A V I T

Before me, the undersigned authority, a Notary Public, in and for said County and State of Alabama at Large, personally appeared Willie L. Byrts, who being known to me, and being by me first duly sworn, deposes and says under oath as follows:

My name is Willie L. Byrts, and I am presently employed as a Correctional Officer, with the Alabama Department of Corrections, Bullock Correctional Facility, Post Office Box 5107, Union Springs, Alabama 36089. I am over twenty-one (21) years of age.

On March 2, 2008, I was the Hearing Officer during a Disciplinary Hearing on inmate Mark Alan Byrd for Rule Violation #90 – Consumption or Use of, or Under the Influence of Alcohol, Narcotics or Other Intoxicants. In my capacity as the Hearing Officer, I conducted the hearing professionally and in accordance with Disciplinary Hearing Procedures per Alabama Department of Corrections Administrative Regulation 403 – Disciplinary Hearing Procedures for Major Rule Violations. At no time during the proceeding was inmate Byrd's race an issue and I hold the proceeding the same for white inmates as I do for

EXHIBIT

F

black inmates.

Inmate Byrd was charged with a major rule infraction and his guilt and/or was based on evidence and testimony. Evidence and testimony at the hearing showed there was no discretion in this procedure due to Inmate Byrd's race.

Inmate Byrd's race was never an issue and in my capacity as a Hearing Officer I have never been accused by any inmate of discrimination. I treat all inmates the same regardless of their race. I have found black inmates as well as white inmates guilty of rule violation # 90.

Inmate urine sample collection and the urine testing protocols at Bullock Correctional Facility's Drug Lab and East Alabama Medical Center Toxicology Drug Lab are the same for all inmates without consideration of race.

It is true I am a black officer, however there are not any white officers and/or supervisors at Bullock Correctional Facility on third shift. As a matter of fact there is only one white supervisor and two white officers employed at this facility.


_Willie L. Byrts, CO_____

Willie L. Byrts, correctional Officer


STATE OF ALABAMA)

COUNTY OF BULLOCK)


SWORN TO AND SUBSCRIBED before me and given under my hand and official seal on this the ___2nd___ day of ___May___ 2008.

_Justine B. Reson_
**NOTARY PUBLIC**

My Commission Expires: _2/24/2009_ .

**SEAL**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **MARK ALAN BYRD, #142 221** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **CASE NO. 2:08-CV-244** |
| **WARDEN K. JONES, et al.,** | * | |
| **Defendants.** | * | |

## A F F I D A V I T

Before me, the undersigned authority, a Notary Public, in and for said County and State of Alabama at Large, personally appeared Sandra Y. Giles, who being known to me, and being by me first duly sworn, deposes and says under oath as follows:

My name is Sandra Y. Giles, and I am presently employed as a Correctional Warden II, with the Alabama Department of Corrections, Bullock Correctional Facility, Post Office Box 5107, Union Springs, Alabama 36089. I am over twenty-one (21) years of age.

The disciplinary on inmate Mark Byrd was submitted to me for approval as are all disciplinaries. This disciplinary was approved by me with no regards to race. Inmate Byrd's disciplinary was treated and/or handled no different from any other inmate housed at Bullock Correctional Facility.



EXHIBIT
G

Page 2

_Sandra Y. Giles_
Sandra Y. Giles

STATE OF ALABAMA)

COUNTY OF BULLOCK)

SWORN TO AND SUBSCRIBED before me and given under my hand and official seal

on this the _14th_ day of May 2008.

_Justine B. Person_
NOTARY PUBLIC

My Commission Expires: _2/24/2009_

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARK ALAN BYRD, #142 221              *

     Plaintiff,                          *

           v.                        *        CASE NO. 2:08-CV-244

WARDEN K. JONES, et al.,              *

     Defendants.                         *

## A F F I D A V I T

Before me, the undersigned authority, a Notary Public, in and for said County and State of Alabama at Large, personally appeared Michael Holcey, who being known to me, and being by me first duly sworn, deposes and says under oath as follows:

My name is Michael Holcey, and I am presently employed as a Correctional Officer, with the Alabama Department of Corrections, Bullock Correctional Facility, Post Office Box 5107, Union Springs, Alabama  36089. I am over twenty-one (21) years of age.

On February 11, 2008, I, Officer Michael Holcey, was assigned to collect urine specimen from thirty (30) inmates. The collection of all urine specimen was done in the Gymnasium. At approximately 12:48 a.m., inmate Mark Byrd, W/142221, submitted to me: one (1) urine specimen in a clear plastic cup. As inmate Byrd observed, I sealed the urine specimen cup with its top and red tape. At approximately 1:30 a.m., all urine



EXHIBIT

H

Page 2

specimen were collected and placed in the Third Shift Drug Cabinet by me (Officer Holcey) and locked. I notified the Shift Clerk, via radio, that all urine specimen were locked and secured in the Third Shift Drug Cabinet.

On March 2, 2008, I attended inmate Byrd's Disciplinary Hearing, as the Arresting Officer. During the hearing, I did not discriminate in any way, nor did I observe any discrimination toward inmate Byrd, due to his race, or in any other manner. I answered all questions that were asked of me, in a professional and cooperative manner. On February 11, 2008, when I collected the urine specimen from inmate Byrd, I followed the correct drug screening procedure as outlined in Administrative Regulation #440. Inmate Byrd's race had no bearing on my duty to collect his urine specimen.

_Michael Holcey CO_
Michael Holcey

STATE OF ALABAMA)

COUNTY OF BULLOCK)

SWORN TO AND SUBSCRIBED before me and given under my hand and official seal on this the **3rd** day of June 2008.

_Justine B. Person_
NOTARY PUBLIC

My Commission Expires: **2/24/09**